FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 01 2006

at 4 o'clock and ___ min. __M
SUE BEITIA, CLERK

THE ORIGINAL OF THIS DOCUMENT
RECORDED AS FOLLOWS:
STATE OF HAWAII
BUREAU OF CONVEYANCES
DATE_____  TIME_____
DOCUMENT NO._____

Doc 2006-017677
JAN 27, 2006 02:00 PM

CR 05-00366 HG

___ LAND COURT SYSTEM        ___ REGULAR SYSTEM
AFTER RECORDATION, RETURN BY MAIL (XXX)  PICKUP ( ) To:

Pamela J. Byrne
Assistant Federal Defender
300 Ala Moana Blvd., Rm. 7104
Honolulu, Hawaii 96850

TITLE OF DOCUMENT:

SECURITY MORTGAGE

PARTIES TO DOCUMENT:

MORTGAGOR(S): **James Leslie Corn and Darlene M. Corn**

MORTGAGEE: **CLERK, UNITED STATES DISTRICT COURT**

PROPERTY DESCRIPTION:

> 86-364 Hale Elua Street
> Waianae, Hawaii 96792
>
> Lot 74, Pokai Bay Estates, File Plan No. 1308,
> Lualualei, Waianae, Oahu, Hawaii
> TMK (1) 8-6-021-005

## SECURITY MORTGAGE

KNOWN ALL MEN BY THESE PRESENTS:

That James Leslie Corn and Darlene M. Corn, husband and wife, as Tenants by the Entirety, whose address is 86-364 Hale Elua Street, Waianae, Hawaii 96792, hereinafter called the "Mortgagors," in order to secure the Appearance Bond in the amount of $100,000, said being the property bond ordered to secure the appearance of Defendant James Corn, Jr., in the case entitled United States of America v. James Corn, Jr. Cr. No. 05-00366 HG, now pending in the United States District Court for the District of Hawaii, does hereby assign, transfer, set over and deliver unto the CLERK, UNITED STATES DISTRICT COURT, whose principal place of business and post office address is 300 Ala Moana Blvd., Honolulu, Hawaii, 96850, hereinafter called the "Mortgagee," his successors and assigns, all of their right, title and interest up to the value of $100,000 in the property described in Exhibit A attached hereto and made a part hereof, subject, however, to any encumbrances which may be noted therein.

TO HAVE AND TO HOLD the same, with all buildings and improvements, now or hereafter being thereon, and all rights, easements, privileges and appurtenances thereto belonging, and the rents, issues and profits thereof, unto Mortgagee, its successors and assigns, forever.

AND the Mortgagors do hereby covenant with the Mortgagee as follows:

That until such time, they will pay all taxes, assessments and charges of every kind, to whomever assessed or chargeable whether on the mortgaged property or any interest therein or income therefrom, without any allowance or deduction whatsoever on account thereof from any amount due under or secured by this Mortgage.

That they will keep the improvements upon the mortgaged property insured against fire (it being agreed and conditioned that, in event of loss or damage, the proceeds of insurance shall be applied to rebuilding or repairing of damage).

That they will keep the mortgaged property in good condition and repair, and comply with all laws, rules and regulations made by governmental authorities and applicable thereto, and not commit or suffer any strip, waste or any unlawful, improper or offensive use of said property, or any other act or negligence whereby the same or any interest therein shall become liable under any lien or to seizure or attachment on mesne or final process of law, in bankruptcy or otherwise, or whereby the security hereof shall be impaired or threatened.

That upon any failure of the Mortgagors to observe or perform any covenant or condition of this Mortgage, or if any suit, proceeding or other contingency shall arise or be threatened relating to any of the mortgaged property, the Mortgagee may at the Mortgagee's

option make any advance or incur such expenses or otherwise act as may in the Mortgagee's judgment seem advisable to protect the security of the Mortgagee hereunder (without impeachment of the invalidity of any tax, assessment, rate, encumbrance or charge paid in such behalf by the Mortgagee).

That all advances, costs or expenses which the Mortgagee may make, pay or incur under any provision of this Mortgage, for the protection of the security of the Mortgagee or any of the Mortgagee's rights in connection with the mortgaged property, shall be paid by the Mortgagor to the Mortgagee upon demand and bear interest until paid at the rate of ten percent (10%) per annum, all of which obligations shall be additional charges upon the mortgaged property and be equally secured thereby.

PROVIDED, HOWEVER, if the terms and conditions of the Appearance Bond shall have been faithfully observed and performed by Defendant James Corn, Jr., then in such event, this Mortgage shall become null and void.

But if the terms and conditions of the aforementioned Appearance Bond are not observed and performed by the aforesaid Defendant James Corn, Jr., the Mortgagee may foreclose this Mortgage by civil action, with the immediate right to a receivership pending foreclosure, or, as now provided by law, either by entry and possession, or (with or without entry and possession) by advertisement and sale of the mortgaged property or any part or parts thereof at public auction, and may in its own name or as the attorney-in-fact of the Mortgagors, for such purpose hereby irrevocably appointed, effectually convey the property so sold to the purchaser or purchasers absolutely and forever, and any foreclosure shall forever bar the Mortgagors and all persons claiming under the Mortgagors from all right and interest in the property, at law and in equity; and out of the proceeds of any foreclosure sale, the Mortgagee may deduct all costs and expenses of foreclosure and/or suit, and retain or be awarded all sums then payable by or chargeable under the terms of the aforementioned Appearance Bond rendering to the Mortgagors the surplus, if any. If such proceeds shall be insufficient to discharge the same in full, the Mortgagee may have any other legal recourse against the Mortgagors for the deficiency.

IT IS ALSO AGREED that the Mortgagee or any person on its behalf may purchase the mortgaged property at any foreclosure sale, and no other purchaser shall be answerable for the application of the purchase money; that until any such foreclosure sale, the Mortgagors may hold and enjoy the mortgaged property and receive the rents and profits thereof; that the terms "advances," "costs," and "expenses" wherever used herein shall include reasonable attorney's fees whenever incurred; and that these presents shall be equally binding upon and inure to the benefit of the legal representatives and successors in interest of the parties hereto respectively.

In all respects and at all times during the continuance of this mortgage and any other prior mortgage covering the mortgaged property, the Mortgagors will well and faithfully observe and perform all the covenants and conditions thereof to be observed and performed on the part of the Mortgagors under said prior mortgages and will prevent any foreclosure thereof, it being understood that during the continuance of all prior mortgages, the observance of all provisions regarding payment to a reserve fund for taxes, assessments, lease rents, and insurance premiums, exercise of voting rights, if any, and insurance on improvements on the mortgaged property shall be deemed a compliance to that extent with the requirements of this Mortgage as to payment to a reserve fund, exercise of voting rights, if any, and insurance, and all insurance on the mortgaged property shall be for the benefit of the Mortgagee hereunder, subject only to any just rights and claims under the prior mortgages.

IN WITNESS WHEREOF the Mortgagors have caused this instrument to be duly executed this 27th day of January 2006.

_____
James Leslie Corn

_____
Darlene M. Corn

"Mortgagors"

STATE OF HAWAII            )
                           ) SS.
CITY AND COUNTY OF HONOLULU )

On this 27th day of January 2006, before me personally appeared James Leslie Corn and Darlene M. Corn, husband and wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

_____
Notary Public, State of Hawaii
Mary Louise Jardine
My commission expires: 10-30-09

EXHIBIT "A"

All of that certain parcel of land situate at Lualualei, District of Waianae, City and County of Honolulu, State of Hawaii, being Lot 74, of the "POKAI BAY ESTATES" as shown on File Plan No. 1308, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 5,213 square feet, more or less.

Being all of the property conveyed by the following:

Warranty Deed

Grantor:     Kenneth Robert Weed, unmarried
Grantee:     Kenneth Robert Weed, unmarried, as Tenant in Severalty, as to an undivided seventy-five percent (75%) interest, and James Leslie Corn and Darlene Marie Barbara Corn, husband and wife, as Tenants by the Entirety, as to an undivided twenty-five percent (25%) interest, as Tenants in Common
Dated:       September 23, 1991
Recorded:    September 30, 1991, in the Bureau of Conveyances of the State of Hawaii, Document No. 91-132762.

Quitclaim Deed

Grantor:     Kenneth Robert Weed, unmarried
Grantee:     James Leslie Corn and Darlene Marie Barbara Corn, husband and wife, as Tenants by the Entirety
Dated:       August 1, 1994
Recorded:    August 9, 1994, in the Bureau of Conveyances of the State of Hawaii, Document No. 94-131924.

Tax Map Key: 8-6-021-005