IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 05-00366HG |
| ) | |
| Plaintiff, ) | MEMORANDUM OF LAW |
| ) | |
| vs. ) | |
| ) | |
| JAMES LESLIE CORN, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW**

As of this filing, the government has not provided notice of intent to introduce evidence of Corn's prior arrests, or any other actions that might be deemed "bad acts" at trial. However, some of the tape-recorded conversations between Corn and the informant, likely to be submitted by the government at trial, discuss Corn's arrest and subsequent suspension, on another, unrelated matter.

In particular, Corn seeks to exclude the following evidence: 1) any and all reference to Corn's indictment and the facts surrounding that indictment for terroristic threatening filed by the state of Hawaii on September 14, 2005; 2) any and all reference to Corn's arrest on or around October 29 or October 30, 2004, concerning an alleged incident between Corn and his girlfriend, Leilani

Bolos;  3) any and all reference to an incident involving Edward Aipa on or around March 5, 2004; 4) any reference to an accidental meeting at Restaurant Row between James Corn and a D.E.A. agent;  and 5) and any reference to Honolulu Police Department apocryphal "corporate knowledge" about Corn being an alleged drug dealer that might have been used as a basis for commencing the reverse sting that forms the basis of the instant indictment.

I.      **DISCUSSION**

Evidence of other bad acts is only admissible subject to the strictures imposed by Rule 404(b) of the Federal Rules of Evidence ("Fed. R. Evid."). Rule 404(b) provides:

> Other crimes, wrongs or acts:
>
> Evidence of other crimes, wrongs, or acts if not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Rule 404 (b) protects against the danger that the jury will either punish the defendant for offenses other than those charged, or convict the defendant when unsure of guilt because it is convinced that the defendant has a propensity to engage in illegal activity. See United States v. Brown, 880 F.2d. 1012, 1014 (9th Cir. 1989) ("[T]he rule is designed to avoid a danger that the jury will punish the defendant for offenses other than the offense charged, or at least will convict when unsure of guilt, because it is convinced the defendant is a bad man deserving of punishment.")

The first sentence of Rule 404(b) restates the traditional view that evidence of other crimes or other acts is admissible only when the proffered evidence is relevant to a material issue in the case, other than the defendant's criminal character. See United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir. 1985) (holding that Fed. R. Evid. 404(b) prohibits the government from introducing evidence of a defendant's prior crimes to show that the defendant has a bad character); See also United States v. Bailleaux, 685 F.2d 1105, 1109 (9th Cir. 1982) ("Courts must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a serious criminal offense rather than because the government has introduced evidence sufficient to prove . . . that they are guilty.")

The second sentence of the rule permits introduction of such evidence when offered "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Ninth Circuit does not look upon such evidence with favor. See United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985). ("We have emphasized that extrinsic acts evidence is not looked upon with favor.")  The Ninth Circuit has recognized that Rule 404(b) is a rule of "inclusion," permitting use of the evidence when it does not go to the defendant's character.  The Court has, however, not afforded any presumption as to the relevance or admissibility of other acts evidence.  See McKoy, 771 F.2d at 1214 ("There is no presumption that evidence of other crimes is admissible.")

Instead, to establish the admissibility of other acts evidence for one of these purposes, the Ninth Circuit has held that the district court must find that it passes a four-part test. See United States v. Montgomery, 150 F.3d 983 (9th Cir. 1998).

> First, the evidence of other crimes must tend to prove a material issue in the case.  Second, the other crime must be similar to the offense charged.  Third, proof of the other crime must be based on sufficient evidence.  Fourth, commission of the other crime must not be too remote in time.

*Id.* at 1000 (citations omitted). Moreover, the Ninth Circuit requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mayans, 17F. 3d. 1174, 1181 (9th Cir. 1994).

Even if evidence of other crimes satisfies the four-part test of Rule 404(b), it "also must satisfy the Rule 403 balancing test -- its probative value must not be substantially outweighed by the danger of unfair prejudice." Montgomery, 150 F.3d at 1000-01. "The government has the burden of demonstrating that the evidence of other crimes satisfies these requirements." Id. See also State of Arizona v. Elmer, 21 F.3d 331, 336 (9th Cir. 1994)("We have emphasized consistently that evidence of extrinsic acts may not be introduced unless the government establishes its relevance to an actual issue in the case.")

Extrinsic act evidence "may be accepted only if, on balance, its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant." Hodges, 770 F.2d at 1479. In the instant case, there is danger of unfair prejudice to defendant should previous arrests for crimes or trials be heard by the jury that substantially outweighs any minimal probative value of those prior arrests or other alleged bad acts.

The Ninth Circuit has explained that the proper measure of unfair prejudice is:

> the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable, e.g., that aspect of the evidence which makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilty or innocence of th crime charged.

United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir. 1987)(internal citations and quotations omitted.)  The underlying premise of our criminal justice system is that the defendant must be tried for what he did, not for who he is.  Hodges, 770 F.2d at 1479.

## II.   CONCLUSION

For the foregoing reasons, James Leslie Corn, Jr. respectfully requests that this Court grant his motion to exclude any evidence of alleged prior bad acts

including testimony and any segments of audio and videotapes relating to those acts.

    DATED: Honolulu, Hawaii, July 10, 2006.

        /s/ Pamela J. Byrne
        PAMELA J. BYRNE
        Attorney for Defendant
        JAMES LESLIE CORN, JR.