IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 05-00366HG |
| ) | |
| Plaintiff, ) | MEMORANDUM OF LAW |
| ) | |
| vs. ) | |
| ) | |
| JAMES LESLIE CORN, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OF LAW

**I.   MR. CORN IS ENTITLED TO SEVERANCE OF EACH COUNT**

The indictment improperly joins three non-related counts. Mr. Corn is charged in Count 1 with distribution of methamphetamine on August 25, 2005; Count 2 charges Mr. Corn with being an unlawful user in possession of a firearm on February 19, 2005; and Count 3 charges Mr. Corn with being an unlawful user in possession of a firearm on August 25, 2005. These counts are not based on the same transaction or part of a common scheme or plan. In addition, the admission of evidence concerning Mr. Corn's drug use and firearms possession would unnecessarily prejudice the jury in their consideration of the drug distribution

charge. Thus, Mr. Corn is moving under Federal Rule of Criminal Procedure 8 and 14 for relief from prejudicial joinder.

> Rule 8(a) states:
>
> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed. R. Crim. Pro. 8(a). Rule 8(a) provides for the joinder of two or more offenses if the offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected together or part of a common scheme or plan. See FED. R. CRIM. P. 8(a); see also United States v. Kinslow, 860 F.2d 963, 966 (9th Cir. 1988). Thus, this Court must determine whether the offenses charged in Mr. Corn's indictment "are based on the same act or transaction or on two or more acts or constituting parts of a common scheme or plan." Id. And this consideration of the validity of the joinder is based solely on the allegations in the indictment. See United States v. Terry, 911 F.2d 272, 276 (9th Cir.1990). While the term "'transaction' is to be interpreted flexibly and 'may comprehend a series of related occurrences," Terry, 911 F.2d at 276 (quoting United States v. Kinslow, 860 F.2d 963, 966 (9th Cir.1988)), the indictment must allege some commonality between

the joined offenses. Id. "Joinder is proper when the same facts must be adduced to prove each of the joined offenses." United States v. Portac, Inc., 869 F.2d 1288, 1294 (9th Cir.1989).

In Terry, the Ninth Circuit examined an indictment charging both gun and drug crimes. Terry, 911 F.2d at 274. The Court determined that "[n]o effort [was] made in the indictment even to suggest that the offenses are part of the same or similar character or that they are part of the same transaction or parts of a common scheme." Id. at 276. Thus, in Terry, the Ninth Circuit found that the offenses were improperly joined. Id.

Like, the indictment in Terry, Mr. Corn's indictment makes no suggestion that the separately charged offenses are a part of the same transaction or parts of a common scheme. See id. The offenses charged in the indictment are all distinct (even in time); and within the indictment, there is no evidence of a relationship between the charges.

When charges are improperly joined, Federal Rule of Criminal Procedure 14(a) provides relief from prejudicial joinder. The Rule states:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Here, if all three offenses were tried together, Mr. Corn would be prejudiced because evidence concerning his firearm possession and drug use would be introduced during his trial for possession with the intent to distribute methamphetamine. See e.g., United States v. Nguyen, 88 F.3d 812, 815 (9th Cir. 1996) (noting that a trial of felon in possession and other felony counts creates a "very dangerous" situation);[1] United States v. Lewis, 787 F.2d 1318 (9th Cir. 1986) (finding an improper joinder of a bank larceny and a felon in receipt of a firearm charges). This type of bootstrapping of unrelated and prejudicial evidence concerning drug use and firearms possession should not be tolerated simply because those charges were plead in an indictment containing a drug distribution charge. Cf. United States v. Ramirez-Robles, 386 F.3d 1234, 1243 (9th Cir. 2004) ("The rule of this circuit is that evidence of prior drug use is not ordinarily relevant under Rule 404(b) to prove conspiracy and possession with intent to distribute narcotics."). Otherwise, the charging decisions made by the government

---

[1] While the "dangerous situation" mentioned in Nguyen was based upon the jury learning of the defendant's prior felony, a similar situation presents itself here due to the user in possession charge. In Mr. Corn's case, the government would be presenting evidence of his use of cocaine, evidence that would not otherwise be relevant to a drug distribution charge. See United States v. Ramirez-Robles, 386 F.3d 1234, 1243 (9th Cir. 2004) ("The rule of this circuit is that evidence of prior drug use is not ordinarily relevant under Rule 404(b) to prove conspiracy and possession with intent to distribute narcotics.")

at the inception of a case could override a defendant's due process rights at trial. In addition to these concerns, the jury cannot "reasonably [be] expected to 'compartmentalize the evidence' so that evidence of one crime [did] not taint the jury's consideration of another crime." United States v. Johnson, 820 F.2d 1065, 1071 (9th Cir. 1987). Once the jury learns of the allegations of drug use and firearm possession, they will be prejudiced in their consideration of the drug distribution charged in Count 1. Thus, this Court should sever the counts in Mr. Corn's indictment.

        DATED:  Honolulu, Hawaii, July 11, 2006.

                                /s/ Pamela J. Byrne
                                PAMELA J. BYRNE
                                Attorney for Defendant
                                JAMES LESLIE CORN, JR.