EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email: tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00366 HG |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S PROPOSED |
| | ) | JURY INSTRUCTIONS; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JAMES LESLIE CORN, | ) | |
| | ) | DATE: August 1, 2006 |
| Defendant. | ) | TIME: 9:00 a.m. |
| | ) | JUDGE: Helen Gillmor |
| | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

    The Government proposes the following jury

instructions.  These instructions include the following Standard

Jury Instructions for Judge Helen Gillmor: 1, 2A, 3-13, 16, 18B,

19, and 20A.  Government counsel reserves the right to submit

additional supplemental or amended jury instructions, based on

the <u>actual</u> trial evidence, as may be appropriate.

DATED: July 12, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Thomas J. Brady
  THOMAS J. BRADY
  Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>STANDARD JURY INSTRUCTIONS OF HELEN GILLMOR</u>

1.   Duty of Judge

2B.  Duty to Follow Instructions -- Single Defendant

3.   Reasonable Doubt

4.   Defendant's Decision Not to Testify

5.   Evidence -- Excluding Argument of Counsel

6.   Evidence -- Objections

7.   Evidence -- Excluding Statement of Judge

8.   Evidence -- Stipulation

9.   Evidence -- Direct and Circumstantial

10.  Evidence -- Credibility of Witnesses

11.  Evidence -- Expert Witnesses

12.  Impeachment -- Generally

13.  Impeachment -- Reputation for Truthfulness

15A. Impeachment of Defendant (General Instruction)

16.  On or About

18B. Caution -- Punishment (Single Defendant, Multiple
     Counts).

19.  Duty to Deliberate

20A. Verdict (Single Defendant)

# PROPOSED JURY INSTRUCTIONS

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.    1

        The Superseding Indictment in this case accuses the
defendant of knowingly and intentionally distributing 50 grams or
more of methamphetamine (Count 1) as well as two separate counts
of being an unlawful user of a controlled substance, to wit,
cocaine, while knowingly possessing in and affecting commerce a
firearm (Counts 2 and 3).

        The Defendant has pleaded not guilty to the charges.

        The Superseding Indictment is not evidence.  The
Defendant is presumed to be innocent and does not have to testify
or present any evidence to prove innocence.  The Government has
the burden of proving every element of the charges beyond a
reasonable doubt.  If it fails to do so, you must return a not
guilty verdict.

[SOURCE:  Ninth Circuit Model Criminal Jury Instruction (2003)
No. 1.2 as modified.]

GIVEN        _____

REFUSED      _____

MODIFIED     _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.    2

Defendant JAMES LESLIE CORN is charged in Count 1 of the Superseding Indictment with knowingly and intentionally distributing 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, that is approximately two pounds of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Sections 841(a)(1) and (B)(1)(A) of Title 21 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly delivered 50 grams or more of methamphetamine; and

Second, that the Defendant knew that it was 50 grams or more of methamphetamine or some other prohibited drug.

[SOURCE: :   Ninth Circuit Model Criminal Jury Instruction (2003) No. 9.15 as modified.]

GIVEN        _____

REFUSED      _____

MODIFIED     _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.    3

Defendant JAMES LESLIE CORN is charged in Count 2 of the Superseding Indictment with being an unlawful user of and addicted to a controlled substance, to wit, cocaine, while knowingly possessing in and affecting commerce a firearm, that is, a Smith and Wesson, .38 caliber pistol, serial number K84739, in violation of Section 922(g)(3) of Title 18 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the Defendant possessed the firearm, the Defendant was an unlawful user or addicted to cocaine.

[SOURCE: Title 18, United States Code, § 922(g)(3).]

GIVEN        _____

REFUSED      _____

MODIFIED     _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.    4

Defendant JAMES LESLIE CORN is charged in Count 3 of the Superseding Indictment with being an unlawful user of and addicted to a controlled substance, to wit, cocaine, while knowingly possessing in and affecting commerce a firearm, that is, a Savage, .32 caliber pistol, serial number 105917, in violation of Section 922(g)(3) of Title 18 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant was an unlawful user or addicted to cocaine.

[SOURCE: Title 18, United States Code, § 922(g)(3).]

GIVEN        _____

REFUSED      _____

MODIFIED     _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.   5

You have heard testimony that the Defendant made a statement.  It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

[SOURCE:  Ninth Circuit Model Criminal Jury Instruction (2003) No. 4.1.]

GIVEN       _____

REFUSED     _____

MODIFIED    _____

PROPOSED JURY INSTRUCTION NO. 6

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

9th Cir. Crim. Jury Instr. 3.18 (2003)

GIVEN          _____

REFUSED        _____

MODIFIED       _____

<u>PROPOSED JURY INSTRUCTION NO. 7</u>

You are about to listen to a tape recording that has been received in evidence.  Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

9th Cir. Crim. Jury Instr. 2.7 (2003)

GIVEN        _____

REFUSED      _____

MODIFIED     _____

PROPOSED JURY INSTRUCTION NO. 8

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. [The Government is not required to prove that the Defendant knew that [his] [her] acts or omissions were unlawful.]  You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9th Cir. Crim. Jury Instr. 5.6 (2003)

GIVEN          _____

REFUSED        _____

MODIFIED       _____

## CLEAN COPY OF PROPOSED JURY INSTRUCTIONS

JURY INSTRUCTION NO. _____

The Superseding Indictment in this case accuses the defendant of knowingly and intentionally distributing 50 grams or more of methamphetamine (Count 1) as well as two separate counts of being an unlawful user of a controlled substance, to wit, cocaine, while knowingly possessing in and affecting commerce a firearm (Counts 2 and 3).

The Defendant has pleaded not guilty to the charges.

The Superseding Indictment is not evidence.  The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The Government has the burden of proving every element of the charges beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

JURY INSTRUCTION NO. _____

Defendant JAMES LESLIE CORN is charged in Count 1 of the Superseding Indictment with knowingly and intentionally distributing 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, that is approximately two pounds of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Sections 841(a)(1) and (B)(1)(A) of Title 21 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly delivered 50 grams or more of methamphetamine; and

Second, that the Defendant knew that it was 50 grams or more of methamphetamine or some other prohibited drug.

JURY INSTRUCTION NO. _____

Defendant JAMES LESLIE CORN is charged in Count 2 of the Superseding Indictment with being an unlawful user of and addicted to a controlled substance, to wit, cocaine, while knowingly possessing in and affecting commerce a firearm, that is, a Smith and Wesson, .38 caliber pistol, serial number K84739, in violation of Section 922(g)(3) of Title 18 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the Defendant possessed the firearm, the Defendant was an unlawful user or addicted to cocaine.

JURY INSTRUCTION NO. _____

Defendant JAMES LESLIE CORN is charged in Count 3 of the Superseding Indictment with being an unlawful user of and addicted to a controlled substance, to wit, cocaine, while knowingly possessing in and affecting commerce a firearm, that is, a Savage, .32 caliber pistol, serial number 105917, in violation of Section 922(g)(3) of Title 18 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant was an unlawful user or addicted to cocaine.

JURY INSTRUCTION NO. _____

You have heard testimony that the Defendant made a statement.  It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

JURY INSTRUCTION NO. ____

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

JURY INSTRUCTION NO. _____

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

JURY INSTRUCTION NO. _____

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. [The Government is not required to prove that the Defendant knew that [his] [her] acts or omissions were unlawful.]  You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically through CM/ECF</u>

PAMELA J. BYRNE        pamela_byrne@fd.org        July 12, 2006

MATTHEW C. WINTER      matthew_winter@fd.org      July 12, 2006

Attorneys for
Defendant JAMES LESLIE CORN, JR.

DATED:  July 12, 2006, at Honolulu, Hawaii.


<u>/s/ Shelli Ann H. Mizukami</u>