EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00366 HG |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM |
| | ) | OPPOSING DEFENDANT'S |
| vs. | ) | MOTION TO SEVER EACH COUNT OF |
| | ) | THE INDICTMENT FOR TRIAL; |
| JAMES LESLIE CORN, JR., | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | TRIAL: August 1, 2006 |
| _____ | ) | |

GOVERNMENT'S MEMORANDUM OPPOSING DEFENDANT'S
MOTION TO SEVER EACH COUNT OF THE INDICTMENT FOR TRIAL

Defendant JAMES LESLIE CORN, JR. (hereinafter "Defendant" or "CORN"), through his attorney, has moved, on the eve of trial, to sever each Count of the Superseding Indictment for trial.  The Government submits that CORN has failed to show good cause as to late filing of this motion pursuant to

CrimLR12.2 for the United States District Court, District of Hawaii, and as such should be denied. If, this Court elects to hear said motion, the Government respectfully submits that there is no justification for the Defendant to move to sever the Counts contained in this Superseding Indictment, which is set for trial on August 1, 2006.

II. <u>STATEMENT OF FACTS</u>

The Government has alleged in its Superseding Indictment that the Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine (Count 1) as well as two separate counts of being an unlawful user of a controlled substance, to wit, cocaine, while knowingly possessing in and affecting commerce a firearm (Counts 2 and 3).

In December 2004, a cooperative source provided information that CORN, a Honolulu police officer, was willing and able to provide numerous services to individuals engaged in the trafficking of narcotics. Such services included providing:

a)   Honolulu Police Department (HPD) sensitive background information about individuals;

b)   protection during drug deals;

c)   firearms; and

d)   contacts for further distribution of narcotics.

During the initial meeting between CORN and the cooperating source on December 8, 2004, CORN offered to provide the cooperating source with a firearm. The cooperating source was able to defer CORN's offer to sell him a firearm until an

undercover police officer could be introduced to CORN. On February 17, 2005, an undercover police officer, posing as the cooperating source's associate, contacted CORN and discussed CORN's original offer to provide a firearm to the cooperating source. On February 18, 2005, CORN met with the undercover police officer at a Starbucks coffee shop in Honolulu, Hawaii. There, CORN sold a .38 caliber Smith & Wesson revolver to the undercover officer in exchange for approximately $200 in cash.

The criminal investigation of CORN continued. Throughout the next several months, CORN explained how he had friends that were able to bring in shipments of drugs on airplanes without detection. All along CORN reiterated his willingness to provide protection for the cooperating source as well as his associate, the undercover police officer. On June 29, 2005, CORN willingly provided protection for the undercover police officer in what CORN believed to be a cash payment for a previous drug trafficking deal. CORN was paid approximately $500 for his services.

On August 24, 2005, CORN again agreed to assist the undercover police officer in distributing a large amount of methamphetamine to another person. The drug exchange took place at the same Starbucks coffee shop in Honolulu, Hawaii. There, CORN took possession of approximately two (2) pounds of methamphetamine from the undercover police officer and waited at a nearby table until the undercover police officer gave him the signal. CORN than stood up, grabbed the backpack containing the

methamphetamine, and delivered it to the table of the undercover police officer and the second undercover police officer who was posing as an illegal drug associate. Shortly thereafter, CORN was again paid for his services and promptly arrested.

CORN was advised of his constitutional rights. CORN waived his constitutional rights and provided a limited statement to police. In his statement, CORN admitted to the following:

a) that he was using cocaine for the past year and that he had started to deal small quantities of cocaine;

b) that he had provided information to others regarding background checks on individuals and vehicles;

c) that he assisted the cooperating source, whom CORN assumed was involved in drug trafficking; and

d) that he had sold a firearm to the undercover police officer.

CORN further disclosed that he had another firearm located in his 1996 Chevrolet Camaro and gave law enforcement permission to search his vehicle. That firearm was subsequently recovered by law enforcement and is the subject of Count 3 of the Superseding Indictment.

III.   ARGUMENT

Defendant CORN has moved to sever each Count of the Superseding Indictment because, he alleges, they are not based on the same transaction or part of a common scheme or plan. The Government disagrees. The Government submits that CORN has not articulated a legal basis for this Court to conclude that a joint

trial would be "so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial."  United States v. Abushi, 682 F.2d 1289, 1296 (9th Cir. 1982).

Rule 8(a) permits joinder of offenses in the same indictment if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Department of Justice policy directs "that several offense arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions, a policy dictated by considerations both of fairness to defendants and of efficient and orderly law enforcement." Petite v. United States, 361, U.S. 529, 530 (1960). Offenses have been found "of the same or similar character" so as to be properly joined where drugs and a gun were found during a search of defendant's home, and charges were for manufacturing a controlled substance and receipt by a convicted felon of guns. United States v. Park, 531 F.2d 754, 761 (5th Cir. 1976) ("transaction" may comprehend many occurrences based on their logical relationship).  Despite CORN's claims to the contrary, the alleged offenses in this case clearly constitute parts of a common scheme or plan to facilitate and distribute narcotics.

Denial of a motion for severance rests within the sound discretion of the trial court.  United States v. Smith, 893 F.2d

1573, 1581 (9th Cir. 1990).  A defendant bears a "heavy burden when attempting to obtain reversal of a district court's denial of a motion to sever."  United States v. Johnson, 297 F.3d 845, 855 (9th Cir. 2002).  The Ninth Circuit has held that a defendant moving for severance has a heavy burden in showing that the trial court has abused its discretion.  United States v. Vigil, 561 F.2d 1316 (9th Cir. 1977).

CORN has essentially asserted that if tried together, CORN would be unduly prejudiced and the jury would be unable to follow this Court's instructions that evidence of one crime did not taint the jury's consideration of another crime. In sum, the "spillover effect" would make it impossible for CORN to receive a fair trial.  In United States v. Hanley, 190 F.3d 1017 (9th Cir. 1999), the Ninth Circuit upheld the district court's denial of severance based in part that the moving defendant was charged with fewer offenses than his co-defendants. Moreover, "a defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir. 1991). With this Court's proper jury instructions, the risk of prejudice to CORN will be cured.

Defendant CORN's last minute desire to sever his respective Counts begs the question of whether or not it is merely because he believes he may have a better chance of acquittal in separate trials. To grant the defense request for

separate trials, would in effect, create a series of separate "mini trials" for Defendant CORN which he is not entitled. Judicial economy will be seriously frustrated by separate trials. The Government is confident that it will present sufficient evidence of guilt for Defendant CORN. That, coupled with proper limiting jury instructions, should ensure that the Defendant is given a fair trial.

IV. CONCLUSION

The facts surrounding the charges against the Defendant in this case and the allegations contained in the Superseding Indictment demonstrate that the requirements for joinder under Rule 8(a) are satisfied. For the foregoing reasons, the Government submits that Defendant JAMES LESLIE CORN's Motion for Severance of Each Count of the Indictment for Trial be denied. The counts were properly charged together and should be tried together.

DATED: July 17, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Thomas J. Brady
    THOMAS J. BRADY
    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF

| | | |
|---|---|---|
| PAMELA J. BYRNE | pamela_byrne@fd.org | July 17, 2006 |
| MATTHEW C. WINTER | matthew_winter@fd.org | July 17, 2006 |

Attorneys for
Defendant JAMES LESLIE CORN, JR.

      DATED:  July 17, 2006, at Honolulu, Hawaii.

                                      /s/ Shelli Ann H. Mizukami