EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00366 HG |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | RESPONSE TO DEFENDANT'S |
| vs. | ) | MOTION IN LIMINE TO EXCLUDE |
| | ) | PRIOR BAD ACTS AND TO REDACT |
| JAMES LESLIE CORN, JR., | ) | "BAD ACTS" REFERENCES FROM |
| | ) | VIDEO AND AUDIO RECORDINGS; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| | ) | TRIAL: August 1, 2006 |
| _____ | ) | |

GOVERNMENT'S MEMORANDUM IN RESPONSE TO
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FROM
TESTIMONY ALLEGED PRIOR BAD ACTS AND TO REDACT
"BAD ACTS" FROM VIDEO AND AUDIO RECORDINGS

Defendant JAMES LESLIE CORN, JR. (hereinafter "Defendant" or "CORN"), through his attorney, has moved in limine to exclude from testimony alleged prior bad acts and to redact "bad acts" references from video and audio recordings.  The

Government submits that CORN has had access to the video and audio evidence in this case dating back to January 2006. Now, on the eve of trial, the defense moves to have the evidence redacted to exclude CORN's unsolicited video and audio comments regarding his prior uncharged misconduct. The Government respectfully requests that the parties submit the transcripts in this matter to this Court with their proposed redactions in order to allow for evidence of "pre-disposition" while excluding uncharged misconduct unrelated to the offenses charged.

In pre-trial discussions, counsel for CORN has stated that they may assert the defense of entrapment. In anticipation of such a defense, the Government submits that proof that CORN was predisposed to commit the crime of distributing illegal drugs defeats a claim of entrapment. Hampton v. United States, 425 U.S. 484 (1976). Such audio and video evidence should be allowed in this case.

A. General principles of the Law of Entrapment

The principles governing the defense of entrapment are well settled. Entrapment is defined as the Government's inducement of the commission of a crime by a person who is not predisposed to commit it. Thus, the Government must prove that the Defendant was disposed to commit the crime prior to being approached by the Government. Jacobson v. United States, 503 U.S. 540 (1992).

The appropriate jury instruction on this issue reads as follows:

> The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove the following:
>
> 1. the defendant was predisposed to commit the crime before being contacted by government agents, and
>
> 2. the defendant was not induced by the government agents to commit the crime.
>
> Where a person independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.

<u>Section 6.02 "Entrapment" Ninth Circuit Manual of Model Criminal Jury Instruction (1995) (as modified)</u>.

In this case, CORN may assert that he was entrapped to commit the offense of knowingly and intentionally distributing in excess of 50 grams of methamphetamine.  It is the Government's contention that as a matter of law, CORN was not entrapped because CORN was predisposed to engage in the crime before being contacted by Government agents, as well as that CORN was not induce by the Government to commit the alleged criminal acts.

The prosecution's evidence of predisposition falls into several categories: evidence of narcotics involvement, both as a user and a distributor, prior to the facts and circumstance alleged in this indictment, and evidence from CORN at the time of his arrest.

At no time during this investigation did a Government agent, working on behalf of law enforcement, pressure, demand, suggest, or induce the participation of CORN in the alleged

criminal activity in this matter. The Government first learned of CORN's criminal involvement during a monitored telephone call to CORN's friend and associate, Blaise Soares, in which Soares disclosed that CORN was willing and able to assist a cooperating source distribute illegal drugs in Hawaii.

   B.   <u>Evidence Concerning Predisposition</u>

It is not necessary to show that a defendant previously either was convicted of or committed crimes similar to the charges to prove predisposition. <u>United States v. Reynoso-Ulloa</u>, 548 F.2d 1329, 1335 n.9 (9th Cir.), <u>cert. denied</u>, 436 U.S. 926 (1977). The Ninth Circuit has held that the factfinder may consider a number of factors in determining whether a defendant was predisposed to commit an offense, stating (<u>United States v. Reynoso-Ulloa</u>, <u>supra</u>, 548 F.2d at 1336) (footnotes omitted):

> Among these are the character or reputation of the defendant, including any prior criminal record; whether the suggestion of the criminal activity was initially made by the Government; whether the defendant was engaged in the criminal activity for profit; whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducement or persuasion; and the nature of the inducement or persuasion supplied by the Government. While none of the factors alone indicates either the presence or absence of predisposition, the most important factor, as revealed by Supreme Court and other decisions, is whether the defendant evidenced reluctance to engage in criminal activity which was overcome be repeated Government inducement.

Thus, the courts have found that the Government rebutted the entrapment defense by evidence that a defendant committed uncharged similar acts for which he was not convicted,

or that the defendant had a reputation for engaging in similar illegal activities. Pulido v. United States, 425 F.2d 1391, 1393-94 (9th Cir. 1970),

It should be noted that the Government need not wait until the defense case to introduce evidence regarding predisposition, such evidence is proper once the Defendant has raised the issue on cross-examination of a Government witness. United States v. Simon, 453 F.2d 111, 114-15 (8th Cir. 1971); United States v. Segovia, 576 F.2d 251, 252 (9th Cir. 1978).

   C.   Conclusion

The Government can meet its burden of showing predisposition by evidence that CORN was not reluctant to commit the offenses and was not pressured into committing to offenses by the Government.  Accordingly, to be entitled to an instruction on entrapment, the Defendant "must have offered some evidence of inducement or persuasion by someone who was a government agent, and some evidence contradicting the government's showing of predisposition."  United States v. Shapiro, supra, 669 F.2d at 593 (9th Cir. 1992).  "If the evidence presents no genuine dispute as to whether the defendant was entrapped, there is no factual issue for the jury, and the judge must rule against the defendant as a matter of law" and must not submit the issue to the jury.  United States v. Shapiro, supra, 669 F.2d at 598; quoting United States v. Glaeser 550 F.2d 483, 487 (9th Cir. 1977).

The Government respectfully requests that the parties submit to this Court the transcripts in this matter to this Court with their proposed redactions in order to allow for evidence of "pre-disposition" while excluding uncharged misconduct unrelated to the offenses charged.

DATED: July 17, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By   /s/ Thomas J. Brady
     THOMAS J. BRADY
     Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

        I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically through CM/ECF</u>

| | | |
|---|---|---|
| PAMELA J. BYRNE | pamela_byrne@fd.org | July 17, 2006 |
| MATTHEW C. WINTER | matthew_winter@fd.org | July 17, 2006 |

Attorneys for
Defendant JAMES LESLIE CORN, JR.

        DATED:  July 17, 2006, at Honolulu, Hawaii.

                                      <u>/s/ Shelli Ann H. Mizukami</u>