ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 19 2006

at 10 o'clock and 55 min. AM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00366 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES LESLIE CORN, JR., | ) | |
| | ) | DATE:   July 19, 2006 |
| | ) | TIME:   11:00 a.m. |
| Defendant. | ) | JUDGE:  Helen Gillmor |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, JAMES LESLIE CORN, JR., and his attorney, Pamela J. Byrne, Assistant Federal Public Defender, agree upon the following:

1.  Defendant acknowledges that he has been charged in the Superseding Indictment with violating Title 18, United States Code, Sections 922(g)(3) (Counts 2 and 3) as well as Title 21, United States Code, Sections 841(1) and (b)(1)(A) (Count 1).

2.  Defendant has read the charges against him contained in the Superseding Indictment, and the charges have been fully explained to him by his attorney.  In making his decision to plead guilty to Counts 2 and 3 of the Superseding Indictment, defendant has had ample opportunity to consult with his undersigned defense attorney, and defendant is satisfied with his defense attorney's legal advice and representation.

3.  Defendant fully understands the nature and elements of the crime with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to Counts 2 and 3 of the Superseding Indictment charging him with knowingly possessing in and affecting commerce a firearm, to wit, a Smith & Wesson, .38 caliber pistol, serial number K84739 and a Savage, .32 caliber pistol, serial number 105917, while being an unlawful user of a controlled substance as defined in Title 21, United States Code, Sections 801 and 802. (Counts 2 and 3).  In exchange for the defendant's agreement to plead guilty to Counts 2 and 3, the prosecution agrees to dismiss the remaining count at the time of sentencing (Count 1).

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact, guilty of being an unlawful user of a controlled substance, to wit, cocaine, while in possession of firearms and agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offense to which he is pleading guilty are as follows:

    a. up to ten (10) years imprisonment and a fine of up to $250,000, plus a term of supervised release of not less than two years and up to three years (as to each Counts 2 and 3); and

    b. in addition, the Court must impose a $100 special assessment as to the counts to which the defendant is pleading guilty. Defendant agrees to pay $200 for the two counts to which he is pleading guilty to the United States Attorney's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of

what happened in relation to the charge to which defendant is pleading guilty:

        a)    On or about December 8, 2004, at about 2:30 p.m., a cooperating source met with CORN at the Starbucks coffee shop in Honolulu, Hawaii. During their discussion, CORN offered to provide the cooperating source with a "piece," street vernacular for a firearm. The cooperating source was able to defer CORN's offer to sell him a firearm until an undercover police officer could be introduced to CORN.

        b)    On December 9, 2004, CORN and the cooperating source had further discussions regarding CORN providing the cooperating source with a firearm in exchange for several hundred dollars.

        c)    On February 17, 2005, an undercover police officer, posing as the cooperating source's associate, contacted CORN and discussed CORN's original offer to provide a firearm to the cooperating source. On February 18, 2005, CORN met with the undercover police officer at the same Starbucks coffee shop in Honolulu, Hawaii. There, CORN sold a Smith & Wesson, .38 caliber pistol, serial number K84739 to the undercover officer in exchange for approximately $200 in cash.

        d)    On August 25, 2005, after further investigation, CORN was arrested by law enforcement. Honolulu Police Department Task Force Officers advised CORN of his Constitutional Rights; CORN waived his rights and voluntarily

provided a statement. In his statement, CORN admitted that he had previously possessed and sold to the undercover police officer a firearm in exchange for cash. CORN further admitted that he had a .32 caliber pistol in the glove compartment of his Camaro. CORN also admitted that he began using cocaine approximately one year prior to his arrest and that he was addicted to the drug cocaine.

    e) The Honolulu Police Department Task Force Officers asked CORN if he would consent to a search of his Camaro for the handgun, and CORN consented to the search.

    f) Upon searching CORN's 1996 black Chevrolet Camaro, federal agents located and recovered from the glove box a Savage .32 caliber pistol, serial number 105917. The firearm was loaded with a magazine which contained six rounds of live ammunition. This magazine was inserted, however the chamber was empty.

    g) Both the Smith & Wesson, .38 caliber pistol, serial number K84739 and the Savage .32 caliber pistol, serial number 105917 were manufactured outside of the State of Hawaii and transported in interstate commerce to Hawaii.

    9. Pursuant to CrimLR 32.1(a) of the Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing. The Agreement to plead guilty

to being an unlawful user of a controlled substance, to wit, cocaine, while knowingly possessing firearms reflects the essence of the defendant's conduct, that is, knowingly and intentionally possessing firearms while being an unlawful user of a controlled substance, to wit, cocaine.

10. The defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this Plea Agreement.

   a. The defendant also waives, except as indicated in subparagraph "b" below, his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

   b. If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable

to the defendant, the defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack; and

   c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

  11. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant further agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  12. The defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a Presentence Report, unless the Court decides that a Presentence Report is unnecessary pursuant to Guideline 6A1.1. The defendant understands that the Court will not accept an agreement unless the Court determines that the charge adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury;

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt;

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt;

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

   e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  14. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendants' attorney has explained those rights to him and the consequences of the waiver of those rights.

  15. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty.

  16. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to

accept this Agreement since the Court is expressly not bound by stipulations between the parties.

17. If, after signing this Plea Agreement, the Defendant nonetheless decides not to plead guilty as provided herein, or if the Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the Plea Agreement and the Court grants that motion, the Defendant agrees that any admission of guilt that he makes by signing this Plea Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the Defendant later proceeds to trial. Defendant explicitly waives any protection afforded by Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Plea Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

18. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, related matters, and any matters in

//
//
//
//
//

aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, _____JUL 1 9 2006_____.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE NAKAKUNI
Chief, Drug/Organized Crime Section

_____
THOMAS J. BRADY
Assistant U.S. Attorney

_____
JAMES LESLIE CORN, JR.
Defendant

_____
PAMELA J. BYRNE   Matthew C. Winter
Attorney for Defendant

USA v. James Leslie Corn, Jr.
Cr. No. 05-00366 HG
Memorandum of Plea Agreement