IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00548 HG/BMK |
|  | ) | CR. NO. 05-00366-01 |
| Plaintiff, | ) |  |
|  | ) | MEMORANDUM OF LAW |
| vs. | ) |  |
|  | ) |  |
| JAMES LESLIE CORN, JR., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |

MEMORANDUM OF LAW

Defendant CORN's instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is premised upon the alleged ineffective assistance of his appointed trial counsel, Assistant Federal Public Defenders Pamela J. Byrne and Matthew C. Winter.

Defendant has lodged in his motion, a claim of ineffective assistance of counsel by his former counsel for failing to argue against and upward departure from the advisory U.S. Sentencing Guidelines which allegedly violated his "5th Amendment U.S. Constitution Due Process of law" rights. In addition, Defendant alleges that he was "not properly advised by counsel." And finally, Defendant claims that at the sentencing hearing, his counsel "failed to argue the upward departure of 28 months, which was over and above the recommended sentencing guideline of 10 - 16 months" violated his 6th Amendment right to effective assistance of counsel.

Given Defendant's allegations, this Court should order that Defendant has waived attorney-client privilege with respect to his prior legal representation by trial counsel Assistant Federal Public Defenders Pamela J. Byrne and Matthew C. Winter, such that trial counsel Assistant Federal Public Defenders Pamela J. Byrne and Matthew C. Winter submit declarations, be interviewed and/or called as witnesses, if necessary, and the files reviewed for relevant evidence.

Federal law is clear that:

> attorney-client privilege 'was intended as a shield, not a sword'. [citation omitted] in other words, '(a) defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes'.

Cos v. Administrator, U.S. Steel, 17 F.3d 1387, 1417 (11th Cir. 1994), modified, 30 F.3d 1347 (11th Cir.), *cert. denied*, 115 S.Ct. 900.

By making his direct accusations of ineffective assistance against trial and appellate counsels in this case, defendant has waived all attorney-client privilege with respect thereto. In the illustrative case of Laughner v. United States, 373 F.2d 326 (5th Cir. 1967), the defendant has alleged in a § 2255 action, ineffective assistance of his court-appointed defense counsel. When the former defense counsel was called as a witness at the evidentiary hearing, defendant objected on the

basis of attorney-client privilege.  In utterly rejecting defendant's contention, the Fifth Circuit said:

> We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this postconviction proceeding with respect to the factual issues raised by appellant's motion.  Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations.  We are unable to subscribe to this proposition.  The privilege is not an inviolable seal upon the attorney's lips.  It may be waived by the client; and where, as here, the client alleges a breach of a duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

373 F.2d at 327.

In <u>Henderson v. Heinze</u>, 349 F.2d 67, 70-1 (9th Cir. 1965), the Ninth Circuit similarly observed:

> If the communications by petitioner's [former defense] counsel to petitioner . . . are within the privilege, we hold that the privilege was waived when petitioner claimed in his habeas corpus proceeding that his right to be free of unreasonable search and seizure had been violated.  In the usual case, only the petitioner and his counsel are possessed of knowledge concerning the

> 'deliberate' character of his failure to
> raise a defense.  Were we to hold that the
> facts in this regard may not be the
> legitimate subject of inquiry in a habeas
> corpus proceeding [due to attorney-client
> privilege], no basis would exist upon which
> the District Court could exercise its
> discretion other than upon the bare
> assertions of the petitioner.  We refuse to
> countenance such result.

These holdings are also entirely consistent with the American Bar Association's Model Rules of Professional Conduct ("Model Rules") adopted by this Court in L.R.83.3. Rule 1.6 of the Model Rules provides as follows:

> (b)  A lawyer may reveal such
> information to the extent the lawyer
> reasonably believes necessary:
>
> (2) to establish a claim or defense
> on behalf of the lawyer in a controversy
> between the lawyer and the client, to
> establish a defense to a criminal charge, or
> civil claim against the lawyer based upon
> conduct in which the client was involved, or
> to respond to allegations in any proceeding
> concerning the lawyer's representation of the
> client.

## CONCLUSION

The allegation in CORN's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence necessitate the waiver of the attorney-client privilege in order for this Court to hear all of the relevant evidence regarding the alleged issues of ineffective assistance of counsel.  For the foregoing reason,

//

//

the United States of America submit that the instant motion should be granted and the appended, proposed Order issued by this Court.

    DATED: November 13, 2007, at Honolulu, Hawaii.

    Respectfully submitted,

    EDWARD H. KUBO, JR.
    United States Attorney
    District of Hawaii

    /s/ Thomas J. Brady
    By THOMAS J. BRADY
    Assistant U.S. Attorney