*cc Hg*

ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 26 2007

at __3__ o'clock and __00__ min __P__ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JAMES LESLIE CORN,<br><br><br>                    Defendant. | CV. NO. 07-00548 HG/BMK<br>CR. NO. 05-00366-01<br><br>GOVERNMENT'S RESPONSE TO<br>DEFENDANT'S MOTION UNDER 28<br>U.S.C. § 2255 TO VACATE, SET<br>ASIDE, OR CORRECT SENTENCE;<br>EXHIBITS A - D; DECLARATIONS<br>OF MATTHEW C. WINTER AND<br>PAMELA J. BYRNE;<br>CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Plaintiff, the United States of America, by its

undersigned counsel, hereby responds to Defendant JAMES LESLIE

CORN's (hereinafter "CORN" or "Defendant") Motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct sentence.

I.    FACTUAL BACKGROUND

Defendant CORN did not appeal his conviction and the twenty eight (28) month sentence for two counts of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3)(Counts 2 and 3), following a plea, pursuant to an agreement with the Government, before the United States District Court for the District of Hawaii, the Honorable Helen Gillmor, presiding.  Indeed, CORN's plea agreement explicitly waives his rights to an appeal, as well as his right to challenge his sentence in a Title 28, United States Code, Section 2255, except on a claim of ineffective assistance of counsel and where the Court departs upward from the guideline range.  PSR ¶ 10.

In the Superseding Indictment returned on October 20, 2005, CORN had been charged with the following offenses: knowingly and intentionally distributing 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, that is, approximately two pounds of methamphetamine, in violation of Title 21, United States Code, Section 841 (a)(1) and (b)(1)(A) (Count 1); while being an unlawful user of and addicted to a controlled substance, to wit, cocaine, did knowingly possess in and affecting commerce two separate firearms, in violation of Title 18, United States Code, Section 922(g)(3) (Counts 2 and 3).

CORN was arrested for the above-described charges on August 25, 2005.  Initially, CORN was remanded to the custody of the U.S. Marshal Service and detained pending trial in this matter.  However, on November 10, 2005, Defendant's motion to review and reconsider detention status was granted and CORN was released on a $100,000 bond with restrictive conditions.  Due to a delay of bed space availability, the Defendant's release was delayed until May 16, 2006.

On July 19, 2006, the Defendant appeared before this Court and pled guilty to Counts 2 and 3 of the 3-Count Superseding Indictment pursuant to a Plea Agreement.  The sentencing hearing was heard on November 8, 2006.

A.    Sentencing Hearing

The United States Probation Office, in preparing CORN's Presentence Report, calculated a total offense level of 12 and a Criminal History Category of I, with a guideline range for imprisonment of 10 to 16 months.  U.S. Probation also opined that the Defendant had unaccounted conduct which included Defendant's participation in a 2-pound methamphetamine transaction, as well as using his position as a former HPD officer to sell personal, confidential information utilizing an HPD database.  PSR ¶s 72, 84.

The Government recognized and addressed the concerns made by U.S. Probation by filing, on October 13, 2006, a motion

3

for upward departure from the advisory guideline range pursuant to Section 5K2.0 or, in the alternative, an upward variance based on factors set forth in 18 U.S.C. § 3553(a). See Exhibit A which is annexed to the Government's Notice of Submission of Sealed Exhibits which is being submitted concurrently with the foregoing Response.

On November 7, 2006, CORN, through his attorney, filed a sentencing memorandum including objections to the Government's motion for upward departure. See Exhibit B which is annexed to the Government's Notice of Submission of Sealed Exhibits which is being submitted concurrently with the foregoing Response.

On November 8, 2006, CORN appeared before this Court for sentencing. U.S. Probation, consistent with the evidence, calculated CORN's total offense level at 12 and a Criminal History Category of I, with a guideline range for imprisonment of 10 to 16 months. PSR ¶ 72.

In his sentencing statement, CORN, through his attorney, strongly objected to the Government's request for a sentence which was a six-level increase above the advisory guideline range and advocated that a sentence within the advisory guideline range was sufficient but not more than necessary to effect the purposes of sentencing. Government's Sealed Exhibit B; p. 12.

4

During the hearing, the Court adopted the Sentencing Guidelines calculations as set forth in the Pre-Sentence Report ("PSR"), and found CORN's total offense level at 12, Criminal History Category of I, with a guideline range of 10 to 16 months imprisonment. PSR ¶ 72. Then this Court addressed the upward departure or variance motion by the Government.

In fashioning a sentence sufficient, but not greater than necessary, pursuant to Title 18, United States Code, Section 3553(a), this Court acknowledged that CORN had sufficient notice of the Government's intention to request a higher sentence than advisory guidelines:

> I do believe the Ninth Circuit requires notice to the defendant that the government believes that he sentence within the advisory guidelines is unreasonable and that they are asking for a sentence higher, but I'm not sure - - upward and downward departure are terms of art which may - in the context of fashioning a reasonable sentence after Booker, may not be quite accurate; but the notice was required. The notice was provided, and at this point I would like you to speak to a reasonable sentence given those factors.

Government's Exhibit C, p. 13, annexed hereto. Following lengthy and significant argument from the parties, this Court denied the Government's motion for upward departure from the advisory guideline range pursuant to Section 5K2.0 or, in the alternative, an upward variance based on factors set forth in 18 U.S.C.

5

§ 3553(a), however, sentenced CORN to 28 months of imprisonment, to run concurrent with each count of conviction (Counts 2 and 3). In making its decision, this Court stated:

> ...[I]t is my responsibility under the Supreme Court case of Booker to sentence under Title 18, United States Code, Section 3553(a). And there are these seven circumstances that the court must take into account.
>
> This is an unusual situation. I think this is exactly what Booker was talking about in terms of things that do not fit exactly into the guidelines. The – There are situations where the guidelines overstate what may be an appropriate sentence; but this is a sentence in which the advisory guidelines state what is inadequate, given the aggravating factors here.
>
> The behavior here and the violation of his responsibilities as a police officer went on for a very long time. This is not a situation in which a person just suddenly had a week of confusion and bad judgment and did something that was inappropriate and out of keeping with his character. This is a situation in which he went on with illegal behavior over a long period of time, taking drugs. And to the extent that he may have dealt drugs, that's not what he's charged with; but he was a police officer sworn to uphold the law and he continued to take drugs over a long period of time.
>
> The other factors that I think cannot be ignored here is the – the guns are not the only thing that reflects a failure to act the way a person who is in the position of guarding our liberty and guarding our safety – that is not the only way he behaved that was outside of the law. We have other arrests. We have the state arrest where he was charged – arrested for terroristic threatening. And the information there involves him abusing his position as a police officer. And the behavior that is reflected there is another instance of him basically being in a situation where he utilized his power as a police officer

and was charged with terroristic threatening in
the first degree... The point is his behavior was
out of control for a long period of time.

I look at the nature and circumstances of the
offense and the history and characteristics of the
defendant. And while he does come from a good
family - - and I do have a great deal of hope for
the future with respect to his future - I do have
to take into account the fact that his behavior
was totally unacceptable for a person in his
position. And it is an aggravating factor of his
situation, his crime.

And the seriousness of the offenses and promoting
respect for the law and just punishment for the
offenses, the idea of giving guns over to people
who are involved, he believed, in crimes is
totally unacceptable. And what is a police officer
doing with unregistered firearms? That is
unacceptable and is something the court has to
look at.

We have to also deter criminal conduct and not
just in people who are making a conscious decision
to be criminal, but it must be something that
upholds the respect for law enforcement by
punishing seriously someone who is in law
enforcement and who violates the law in this
manner. And the public must be protected from
this type of behavior.

See Government's Exhibit C; pgs. 21-24.

Thus, this Court articulated specific reasons why it

was sentencing CORN above the advisory guideline range of 10 to

16 months. See also Exhibit D; Judgment; Statement of Reasons;

subsection VI(C) which is annexed to the Government's Notice of

Submission of Sealed Exhibits which is being submitted

concurrently with the foregoing Response.

B.   Current 2255 Motion

On October 31, 2007, CORN filed this instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, in the United States District Court for the District of Hawaii and raised the following allegation in support of his motion:

1.   That this Court sentenced the defendant above the advisory guideline range in violation of defendant's Fifth Amendment rights.

2.   That this Court failed to properly notify defendant as to the reasons it sentenced the defendant outside the advisory guideline range.

3.   That his counsel was "ineffective" by failing to argue against the Government's recommendation to sentence the Defendant above the advisory guidelines.

II.  ARGUMENT

A.   Law Applicable to CORN's Habeas Corpus Motion

The Defendant, a federal prisoner, petitions this Court for a writ of habeas corpus to vacate his sentence based upon allegations that are simply not supported by the record, and therefore, should be dismissed without a hearing.

A federal prisoner may collaterally attack the legality of his conviction or sentence by filing a motion pursuant to 28 U.S.C. § 2255.  See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988).  Section 2255

provides that a court shall hold an evidentiary hearing on a
prisoner's Section 2255 motion "unless the files and records of
the case conclusively show that the prisoner is entitled to no
relief." 28 U.S.C. § 2255.  Under Ninth Circuit law, the
standard for an evidentiary hearing is whether the prisoner has
made specific factual allegations, which if true, state a claim
on which relief can be granted.  United States v. Schaflander,
743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058
(1985).

        The allegation of the prisoner need not be accepted as
true to the extent they are contradicted by the record in the
case.  United States v. Quan, 789 F.2d 711, 715 (9th Cir.), cert.
dismissed, 478 U.S. 1033 (1986); Shaiar v. United States, 736
F.2d 817, 818 (1st Cir. 1984).  In addition, no hearing is
required where the movant's allegations, when viewed against the
records, either fail to state a claim for relief or are so
palpably incredible as to warrant summary dismissal.  Shah v.
United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493
U.S. 869 (1989); United States v. Schaflander, 743 F.2d at 717;
United States v. Quan, 789 F.2d at 715.  Such is the case in this
instant motion.

        B.    CORN Has Failed to Show That his
              Counsel's Performance Was Ineffective

        CORN contends that his counsel was ineffective for
failing to argue against the Government's recommendation to

sentence defendant above the advisory guidelines.  That
allegation is simply not true.  The defense counsel in this case
filed a sentencing memorandum including an objection to the
Government's motion for an upward departure.  At the sentencing
hearing, defense counsel argued against any sentence above the
advisory guidelines.  As such, all of CORN's allegations are
frivolous, lack merit, and should be dismissed without a hearing.

The Supreme Court in <u>Strickland v. Washington</u>, 466 U.S.
668 (1984) enunciated the standard for judging a criminal
defendant's contention that the Constitution requires a
conviction to be set aside because counsel's representation of
defendant was ineffective.  To obtain a reversal of conviction
the defendant must satisfy the two-prong test established by
<u>Strickland</u>.  First, the defendant must show, considering <u>all</u> the
circumstances, that counsel's performance fell below an objective
standard of reasonableness.  <u>Id.</u> at 687.  Second, the defendant
must affirmatively prove prejudice.  <u>Id.</u>

To show that counsel's performance fell below an
objective standard of reasonableness, the defendant must identify
the acts or omissions of counsel that are alleged not to have
been the result of reasonable professional judgment.  <u>Id.</u> at 690.
The court must then determine whether in light of all the
circumstances, the identified acts or omissions were outside the
wide range of professionally competent assistance.  <u>Id.</u>  In

10

making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Id.

Even if the court finds that counsel's performance was deficient, the motion cannot be granted unless the court also finds prejudice.  To affirmatively prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome, id., and the fundamental fairness of the result.  Lockhart v. Fretwell, 506 U.S. 364 (1993); United States v. Garcia, 997 F.2d 1273, 1283 (9th Cir. 1993).  In order to demonstrate ineffective assistance of counsel, the defendant must satisfy both prongs of the test.  Strickland, 466 U.S. at 697; See also, United States v. Moore, 921 F.2d 207, 210 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 813-814 (9th Cir. 1989); United States v. Grewal, 825 F.2d 220, 222-223 (9th Cir. 1987); United States v. Austin, 817 F.2d 1352, 1354-1355

11

(9th Cir. 1987); <u>United States v. Schaflander</u>, 743 F.2d 714, 717-718 (9th Cir. 1984).

Indeed, the defendant who raises a claim of ineffective assistance of counsel has a very heavy burden to bear. The reason is that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after a conviction or adverse sentence, and all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Strickland</u>, 466 U.S. at 689.

Thus, CORN has failed to show that considering all the circumstances in this case, his previous counsel's performance fell below an objective standard of reasonableness nor as CORN affirmatively proved prejudice as a result of his former counsel's performance.

>    1.    CORN's Trial Counsel Team Adequately
>           Prepared for Trial as well as the
>           <u>Sentencing Hearing</u>

CORN's allegations of ineffective counsel at his sentencing hearing belies the trial record. CORN had not one, but two of the most experienced Federal Public Defenders defending him as the prepared for trial, and when he entered into an agreement, pled guilty, and subsequent sentencing hearing. This criminal defense team met with CORN, discussed trial strategy, as well as the strengths and weaknesses of the case.

Ultimately, this same defense team met with CORN and discussed the plea agreement as well as the applicable United States Sentencing Guidelines and possible sentences.  (See Declarations of Pamela J. Byrne and Matthew C. Winter annexed hereto.) Without question, CORN's allegations of ineffective assistance of counsel are false and failed to prove any prejudice.

III. CONCLUSION

The allegation in CORN's § 2255 motion when viewed against the records, fail to state a claim for relief, or is so palpably incredible as to warrant summary dismissal.  For the foregoing reasons, the United States of America requests that CORN's § 2255 motion be denied without a hearing.

DATED: December 26, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By_____
   THOMAS J. BRADY
   Assistant U.S. Attorney

13