IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 05-00366 |
| ) | |
| Plaintiff, ) | DECLARATION OF COUNSEL |
| ) | |
| vs. ) | |
| ) | |
| JAMES LESLIE CORN, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DECLARATION OF COUNSEL**

I, PAMELA J. BYRNE, hereby declare as follows:

1.  I am an attorney employed by the Office of the Federal Public Defender for the District of Hawaii, and in that capacity I was appointed on August 26, 2005, to represent Mr. James L. Corn, Jr., pursuant to the Criminal Justice Act.

2.  On September 9, 2005, Mr. Corn was indicted on a single count indictment, and on October 20, 2005, he was charged in a superseding indictment with three felony counts, to wit; 1) knowingly and intentionally distributing 50 grams of more of methamphetamine; 2) being an unlawful user of and addicted to a controlled substance and knowingly possessing a Smith and Wesson .38 caliber

pistol; and 3) being an unlawful user of and addicted to a controlled substance and knowingly possessing a Savage .32 caliber pistol. Conviction of Count I requires a mandatory 10 year minimum term of incarceration.

       3.     Between September 9, 2005, and July 19, 2006, undersigned counsel Pamela Byrne, along with co-counsel Mr. Matthew Winter and investigator Mr. Vernon Branco, collectively and individually, and together with Mr. Corn, investigated and prepared to litigate this case. Several pretrial motions were filed and subpoenas were issued. During this period of time, undersigned counsel arranged for Hina Mauka to interview Mr. Corn, who was incarcerated at the FDC. He was accepted into their treatment program and, following counsel's Motion to Review and Reconsider Detention Status, was released on November 10, 2005, (or soon thereafter) to the program.

       4.     On July 19, 2006, Mr. Corn and the government entered into a plea agreement in which the government agreed to drop Count I (drug count) of the indictment in exchange for Mr. Corn's agreement to plead guilty to Counts II and III (gun counts). Mr. Corn was thus spared the mandatory minimum ten year sentence. Sentencing on the matter was set for November 8, 2006.

5. On September 11, 2006, the government filed its sentencing statement. On October 2, 2006, Mr. Corn filed his Response to the Draft Presentence Report. Said Response contained several detailed objections to the draft presentence report. On October 13, 2006, the government filed a Motion for Upward Departure from the Advisory Guideline Range Pursuant to 5K2.0, or, in the Alternative, an Upward Variance Based on Factors Set Forth in 18 U.S.C. 3553(a).

6. On November 7, 2006, undersigned counsel filed a Sentencing Memorandum Including Objection to Government's Motion for Upward Departure, and Response to Final PSR with attachments.

7. On November 8, 2006, the matter came on for sentencing. The government's motion for upward departure was denied by the Court, and he was sentenced, pursuant to the sentencing factors under 18 U.S.C. § 3553(a), to a period of 28 months incarceration with credit for time served, three years supervised release as to each count to run concurrently and a special assessment of $200.

8. Approximately one year later, on October 31, 2007, Mr. Corn filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody under 28 U.S.C. § 2255. Mr. Corn's scheduled release date from federal detention is three months hence, on March 5, 2008, although pursuant to "good time" credits, he may be released sooner. The three grounds alleged by Mr. Corn were 1) "Upward Departure from Sentencing Guidelines;" 2) "District Courts discretion and reason for justify [sic] upward departure;" and 3) "Ineffective Assistance of Counsel."

      9.    On November 16, 2007, undersigned counsel received a filed Order Finding Waiver of Attorney/Client Privilege with Respect to Defendant's Instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. This Order permits counsel to discuss privileged matters concerning Mr. Corn's allegations.

      10.    As to the three allegations contained in Mr. Corn's 18 U.S.C. § 2255, undersigned counsel states the following.

      **Count I.**    Mr. Corn claims that at the sentencing hearing the District Court sentenced him above the advisory guideline range of 10 - 16 months. This is true. He also claims that the sentence was in violation of his due process rights under the United States Constitution. This is not true. Mr. Corn received due process. He signed and agreed to plea agreement which completely

eliminated the mandatory minimum sentence of ten years. A presentence report was duly prepared after a probation officer interviewed Mr. Corn with counsel present. Several aspects of the draft presentence report were contested by undersigned counsel on behalf of Mr. Corn in a filed response to the draft presentence report, with two exhibits attached. Three weeks prior to sentencing the government filed a Motion for Upward Departure; Mr. Corn thus received proper prior notice of the government's intent to seek an upward departure from the sentencing guidelines. Undersigned counsel contested the government's motion for upward departure and also wrote a twelve page sentencing statement relating favorable facts about Mr. Corn while applying the 18 U.S.C. § 3553(a) factors. Moreover, at the hearing on the merits undersigned counsel also vigorously opposed the upward departure and fought for a sentence within the guidelines for Mr. Corn. In the end, the Court denied the government's motion for upward departure, and sentenced Mr. Corn to 28 months under the 3553(a) factors. The Court noted that Mr. Corn had abused his position of trust as a police officer by using drugs, lying, and illegally selling a gun, and that he had let the community down. In addition, the Court noted positive factors about Mr. Corn,

including his treatment at an inpatient dual diagnosis program and the support of his family. Mr. Corn received due process.

Mr. Corn also stated he did not appeal from the judgment of conviction because he was "not properly advised by counsel." This is not true. I reviewed the plea agreement for approximately ninety or more minutes with Mr. Corn on July 14, 2006. In particular, we discussed whether his best option was to elect trial and risk exposure to a ten + year sentence, or go with the plea agreement. He agreed the plea agreement was the best option and that he was indeed guilty of the two gun counts. In addition, we discussed the major terms of the plea agreement, including his waiver of appeal except for a limited right to appeal an "upward departure." However, in the instant case, Mr. Corn did not receive an upward departure. The Court denied the government's motion for upward departure, and Mr. Corn thus had no direct appellate right remaining.

**Count II.** Mr. Corn claims that at the sentencing hearing the district court did not "properly notify defendant as to reasons for the upward departure" from the sentencing guidelines and "whether those reasons justify an upward departure" in violation of his right to due process of law. This is not true for the reasons above stated. Mr. Corn received proper notice of the government's

intent to request an upward departure and his counsel opposed the departure in writing and orally. No upward departure was granted, and the Court was within its discretion under 18 U.S.C. 2553(a) to give any reasonable sentence up to ten years. The Court clearly articulated its reasons at the hearing.

**Count III.** Mr. Corn claims that at the sentencing hearing defense counsel "failed to argue [against] the upward departure." This is patently untrue as evidenced by counsel's arguments during the hearing (*see* the sentencing transcripts) and by the varying pleadings filed by counsel on behalf of Mr. Corn, including exhibits and letters.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, December 20, 2007.

/s/ Pamela J. Byrne
PAMELA J. BYRNE
Attorney for Defendant
JAMES LESLIE CORN, JR.