IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES LESLIE CORN JR., | ) | CIV. NO. 07-00548 HG-BMK |
| | ) | CR. NO. 05-00366 HG |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

Movant James Leslie Corn Jr.("Corn") has filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Corn's Section 2255 Motion, the case file, and the record in this case conclusively show that Corn is entitled to no relief and his Section 2255 Motion is DENIED.  The Court also finds that Corn is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

## STANDARD OF REVIEW

28 U.S.C. § 2255 ("Section 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct

the sentence.  See 28 U.S.C. § 2255.

Under Section 2255, a court shall hold an evidentiary hearing on a prisoner's Section 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's Section 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).  "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."  United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

## PROCEDURAL HISTORY

On October 31, 2007, Movant James Leslie Corn Jr. ("Corn") filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion").

On November 13, 2007, the Court entered an Order Finding Waiver of Attorney-Client Privilege with Respect to Defendant's

Instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

On November 16, 2007, the Court entered a Minute Order granting the Government until on or before January 15, 2008 to file a response addressing the matters asserted in the petition as grounds for relief.

On December 26, 2007, the Government filed a response to Corn's Section 2255 Motion ("Gov. Resp.").

## BACKGROUND

The Government's response correctly sets forth the background facts which the Court summarizes here.

### *Superceding Indictment*

In the Superceding Indictment, returned on October 20, 2005, Corn was charged with the following offenses: knowingly and intentionally distributing 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, that is, approximately two pounds of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) (Count 1), while being an unlawful user of and addicted to a controlled substance, to wit, cocaine, did knowingly possess in and affecting commerce two separate firearms, in violation of Title 18, United States Code, Section 922(g)(3) (Counts 2 and 3).

### *Guilty Plea*

On July 19, 2006, Corn appeared before the Court and pled

guilty to Counts 2 and 3 of the Superceding Indictment pursuant to a Plea Agreement.  (Doc. 76, 77.)  Corn's Plea Agreement explicitly waives his rights to an appeal, as well as his right to challenge his sentence in a Section 2255 motion, except on a claim of ineffective assistance of counsel and where the Court departs upward from the guideline range.

### *Sentencing Hearing*

The United States Probation Office, in preparing Corn's Presentence Investigation Report, calculated a total offense level of 12 and a Criminal History Category of I, with an advisory guideline range for imprisonment of 10 to 16 months.  (Presentence Investigation Report ("PSR") at ¶ 72.)  U.S. Probation also opined that the Defendant had unaccounted conduct which included Corn's participation in a 2-pound methamphetamine transaction, as well as using his position as a former Honolulu Police Department ("HPD") officer to sell personal confidential information using an HPD database.  (PSR at ¶ 84.)

On October 13, 2006, the Government filed a "Motion for Upward Departure from the Advisory Guideline Range Pursuant to §5K2.0, or, In the Alternative, an Upward Variance Based on Factors Set Forth in 18 U.S.C. § 3553(a)."  (Doc. 85.)  In its motion, the Government recommended that the Court depart upward 6 levels, to an offense level 18.  With a Criminal History Category I, an offense level 18 would make Corn's sentence between 27 to

33 months. The Government provided detailed descriptions of incidents in support of its motion for an upward departure or variance, including that fact that Corn used his former position of trust as an HPD officer to facilitate drug trafficking.

On November 7, 2006, Corn, through his attorney, filed a "§3553(a) Sentencing Memorandum, Including Objection to Government's Motion for Upward Departure and Response to Final PSR". (Doc. 89.) Corn, through his counsel, strongly objected to the Government's request for a 6 level increase above the advisory guideline range. Corn's sentencing memorandum contains several pages of case law and argument dedicated to advocating against an increased sentence.

On November 8, 2006, Corn appeared before the Court for sentencing. During the hearing, the Court adopted the sentencing guidelines calculation as set forth in the Presentence Investigation Report ("PSR") and found Corn's total offense level at 12, Criminal History Category I, with a guideline range of 10 to 16 months imprisonment.

The Court then addressed the Government's upward departure or variance motion. In doing so, the Court first found that Corn had notice of the fact that the Government was seeking a sentence higher than the advisory guideline range. (Hearing Transcript, dated November 8, 2006, attached as Exh. C to Gov. Resp., at p. 13.)

5

The Court fashioned a sentence based on the seven factors present in 18 U.S.C. § 3553(a) and sentenced Corn to 28 months of imprisonment, to run concurrent with each count of conviction (Counts 2 and 3). (Tr. at 21-24); see United States v. Booker, 543 U.S. 220, 261 (2005) ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.") The Court noted that the sentence stated by the advisory guidelines was inadequate given the aggravating circumstances presented by Corn's case. The Court articulated several reasons in support of an increased sentence: Corn's behavior, including the taking of illegal drugs, and the violation of his responsibilities as a police officer which went on for an extended period of time; Corn's other arrests, including his state arrest where he was charged with terroristic threatening; the nature and circumstances of the offense and the history and characteristics of the defendant; the seriousness of the offense, including the fact that Corn, as a police officer, provided guns to people he believed to be involved in criminal offenses; and the need to deter criminal conduct, particularly where the individual engaging in criminal conduct is a law enforcement officer. (Id.; see Gov. Resp. at Exh. D, Judgment in Criminal Case, at Statement of Reasons, subsection VI(C) and (D) (sealed).)

In accordance with the terms of his Plea Agreement, Corn did not appeal his conviction and the 28 month sentence for two

counts of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (Counts 2 and 3.)

## ANALYSIS

**A.    Corn's Section 2255 Motion**

Corn states three grounds in his Section 2255 Motion:

Ground One: The Court's "upward departure from sentencing guidelines".  Corn takes issue with the fact that the Court sentenced him above the advisory guideline range of 10-16 months. Corn contends that this "upward departure" was a violation of his Fifth Amendment right under the United States Constitution to due process of law.

Ground Two: The Court's "discretion and reason for justify [sic] upward departure".  Corn contends that the Court, at the sentencing hearing, violated his right to due process of law under the Fifth Amendment to the United States Constitution by not properly notifying defendant as to its reasons for imposing a 28 month sentence.

Ground Three: Ineffective assistance of counsel.  Corn contends that, at the sentencing hearing, his defense counsel violated his right to effective assistance of counsel under the Sixth Amendment of the United States Constitution by failing to argue against the Government's recommendation to sentence him above the guideline range.

None of the grounds stated in Corn's Section 2255 Motion has any merit. Because Corn has failed to state a claim for which he is entitled to relief, the Court will not hold a hearing on Corn's Section 2255 Motion.

### 1. Grounds One and Two

Grounds One and Two both go to the adequacy of the Court's reasons for imposing an increased sentence of 28 months. The Court's imposition of an increased sentence was in accordance with the law and did not violate Corn's constitutional rights.

Corn received due process. Corn's counsel reviewed the terms of the Plea Agreement with him. Corn signed and agreed to the Plea Agreement. Corn had notice of the Government's intent to seek an upward departure from the sentencing guidelines. Corn's counsel contested an upward departure and the imposition of an increased sentence under the factors set forth in 18 U.S.C. § 3553(a). At the November 6, 2006 sentencing hearing, Corn also had the opportunity to directly address the Court. (Tr. at 18.) As set forth above, at the sentencing hearing, the Court provided specific reasons, including a substantial discussion of several of the factors set forth in 18 U.S.C. § 3553(a), as to why the unique circumstances of Corn's case warranted an increased sentence. See United States v. Mohamed, 459 F.3d 979, 985 (9th Cir. 2006) (district court must provide "specific reasons for [its] sentencing decisions, such that the record on appeal

8

demonstrates explicit or implicit consideration" of the § 3553(a) sentencing factors). Counts One and Two fail to state a claim.

**2.  Ground Three**

Corn's ineffective assistance of counsel claim is likewise without merit. In Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court enunciated the standard for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's representation of defendant was ineffective:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.

Experienced Federal Public Defenders represented Corn as he prepared for trial, when he entered into the Plea Agreement, when he pled guilty, and at the subsequent sentencing hearing. The criminal defense team met with him to discuss trial strategy and the strengths and weaknesses of his case. (See Declarations of Matthew C. Winter and Pamela Byrne, attached to Gov. Resp.) The criminal defense team also met with him to discuss the Plea Agreement as well as applicable United States Sentencing

Guidelines and possible sentences. (Winter Decl. at ¶¶ 4-8, Byrne Decl. at ¶¶ 3-4.) As a result of the Government's agreement to dismiss Count I as part of the Plea Agreement, Corn was spared a mandatory minimum ten year sentence. (Byrne Decl. at ¶ 4.)

Corn argues that his counsel failed to argue against the Government's motion to sentence Corn above the advisory guideline range. The record bellies this assertion. Defense counsel filed a response, containing several detailed objections, to the draft presentence investigation report as well as a sentencing memorandum containing detailed objections to the Government's motion for upward departure. At the sentencing hearing, Corn's defense counsel vigorously opposed the upward departure and fought for a sentence within the guideline range. (Tr. at 13-17.) Ground Three fails to state a claim for relief.

### Certificate of Appealability

#### Standard

Under 28 U.S.C. § 2253(c), a movant must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the movant "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.

When a petition is denied based on procedural grounds without reaching the merits of the claim, a certificate of appealability shall be issued if petitioner makes two showings. See Slack, 529 U.S. at 484-85.  First, a petitioner must show reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484.

Second, a petitioner must show reasonable jurists would find "it debatable whether the district court was correct in its procedural ruling."  Id.  Both showings are required before a Certificate of Appealability will be issued.  See Lambright v. Stewart, 220 F.3d 1022, 1026-27 (9th Cir. 2000).  The two components are each part of a threshold inquiry.  Slack, 529 U.S. at 485.  "[A] court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  Id.

### **Application**

Corn does not satisfy the standard for a certificate of appealability for a denial on the merits or on procedural grounds. Corn has not made any showing of a denial of a constitutional right.  Corn's arguments that the Court failed to

11

articulate its reasons for imposing an increased sentence, that he was not afforded due process, and that his counsel failed to adequately argue against imposition of an increased sentence are unsupported by the record.  Reasonable jurists could not debate the Court's conclusion that Corn has failed to state a valid claim of the denial of a constitutional right.  Corn has not made the required showing for a certificate of appealability.

## CONCLUSION

(1)  Corn's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed October 31, 2007, is **DENIED**; and

(2)  Corn is not entitled to a certificate of appealability on any of the grounds in his Section 2255 Motion.

(3)  This case is now **CLOSED**.

IT IS SO ORDERED.
Dated: February 1, 2008.



　　　　　　　　　　　　　　　　/s/ Helen Gillmor
　　　　　　　　　　　　　　　　Chief United States District Judge

---

Corn v. United States; Civ. No. 07-00548 HG-BMK; Cr. No. 05-00366 HG; **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**